**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JORGE LUIS RIVERA RIVERA,** | Civil Action No.  26-6441 (RK) |
| **Petitioner,** | |
| v. | **ORDER** |
| **TODD BLANCHE, et al.,** | |
| **Respondents.** | |

Petitioner Jorge Luis Rivera Rivera has filed a pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE") since January 10, 2026.  (ECF No. 1.)

The records provided by Petitioner show that he was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) on June 29, 2022; he subsequently subsequently married a lawful permanent resident and is seeking to adjust his status.  (ECF No. 1-5 at p. 1-5.)  Petitioner contends that he is detained without the opportunity for bond and has a pending immigration appeal, which this Court liberally construes to be an appeal before the Board of Immigration Appeals ("BIA").  (ECF No. 1, Petition at 1-4.)

This Court has held that similarly situated noncitizens are entitled to bond hearings under 8 U.S.C. § 1226(a).  *See Correa v. Delaney Hall*, No. 26-4876, 2026 WL 1803202, at *3 (D.N.J. Jun. 23, 2026) (finding that a petitioner who was paroled into the country under 8 U.S.C. § 1182(d)(5)(A) and detained years later was entitled to a bond hearing under § 1226(a)); *see also Mejia v. Cabezas*, No. 25-CV-17094, 2025 WL 3294405, at *2 (D.N.J. Nov. 14, 2025) (holding that noncitizens who entered the United States without inspection and were later arrested in the

interior of the United States could only be detained under 8 U.S.C. § 1226(a).  Therefore, the Court finds that pre-answer habeas relief is warranted subject to Respondents' opportunity to file an expedited answer instead if they contend that the case is legally or factually distinguishable.[1]

IT IS, on this 8th day of July 2026,

ORDERED that in accordance with 8 U.S.C. § 1226(a), within 7 days of the date of entry of this Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community, pursuant to 8 C.F.R. § 236.1(c)(8), (d)(1); and it is further

ORDERED that Petitioner shall have reasonable notice of the bond hearing, an opportunity to prepare, and be permitted to reschedule the hearing outside the seven-day period, if necessary, without seeking this Court's intervention; and it is further

ORDERED that within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court and request to close this matter; and it is further

ORDERED that, ALTERNATIVELY, if Respondents contend that this case is factually or legally distinguishable from this Court's prior decisions, they shall file an expedited answer within five (5) days of the date of entry of this Text Order; Petitioner may submit a reply brief within three (7) days of his receipt of the same; and it is further

---

[1] For instance, if Petitioner has a final order of removal, Respondents shall file an expedited answer.

**ORDERED** that the Text Order at ECF No. 3, which stays Petitioner's transfer from New Jersey, shall **REMAIN IN EFFECT** until this matter concludes.

_____
ROBERT KIRSCH
United States District Judge

3